Charles F. Gilson, Collector  
    of Taxes,  
       vs.        No. 82620.  
Walter F. Fitzpatrick, City  
    Treasurer

June 26, 1930.

BAKER, J. Heard on plaintiff's demurrer to defendant's additional plea. The action is on the case for the collection of taxes.

The plea in question sets out a resolution of the Town Council of North Providence, passed May 22, 1885, and a resolution of the City Council of the City of Providence, approved June 23, 1885, both in relation to the establishing of a reservoir or water works in said town.

The plaintiff first claims, in support of his demurrer, that there was no actual meeting of minds between the said Town Council and the said City Council. The resolution of the City Council purports to be an acceptance of a certain proposition or offer contained in the resolution passed by the Town Council of North Providence.

After a careful examination of the two resolutions, the Court has come to the conclusion that this ground of demurrer can not be sustained. While the language of the two resolutions is not identical, it seems quite clear that the intention was to deal with the same subject matter in the same way. It is necessary, in order to get a complete understanding of the situation, to read both resolutions together.

The plaintiff also contends that the arrangement entered into by virtue of the passage of the two resolutions was invalid because it was not made in pursuance of the provisions of Chapter 425 of the Public Laws, January, 1884. The only authority for the passage of the resolution in question by the Town Council of North Providence is contained in this chapter and, therefore, the provisions of the chapter should be closely followed. It is provided in this statute that a town coun-

cil may grant the right to lay water pipes in any of the public highways of such town for supplying the inhabitants thereof with water. A second and distinct clause then provides that the town council may consent to the erection, construction and the right to maintain a reservoir or reservoirs within said town. In this latter connection apparently the purpose of supplying the inhabitants of the town with water is not a consideration.

In support of his position, the plaintiff has referred to the case of *Bowen* vs. *Newall*, 16 R. I. 238. While unquestionably there is dicta in said case which has some bearing on the case before the Court, it is quite clear that the Bowen case is not directly in point here. That case decided that said Chapter 425 did not give the town council any general power to exempt water works or reservoirs from taxation. Further, in that case, at the time the resolution was passed the structures had already been built. As far as the Court can determine the two resolutions appear to come within the provisions of said Chapter 425.

Finally, the plaintiff argues that the understanding, as manifested by the resolutions, constituted a commutation instead of an exemption from taxation.

After careful consideration, the Court finds itself unable to agree with the plaintiff. It would appear that the resolution, as passed by the Town Council of North Providence, does substantially provide for an exemption. Said Chapter 425 provided that the reservoir or reservoirs therein mentioned could be constructed for such time and upon such terms and conditions as the town council might deem proper. It seems quite clear that the provision for a payment of $400 annually to the Town of North Providence from the city was by virtue of the authority given by said portion of said statute to the town council.

The Court is of the opinion that at the trial of the case a question may

be raised by the evidence as to whether or not the extensions and the work since constructed come within the meaning of the resolutions in question, but that, at the present time, the defendant is entitled to file the additional plea, so-called.

Plaintiff's demurrer is overruled.

For plaintiff: H. Cushing, J. A. O'Reilly.

For defendant: Elmer S. Chace.